Case 4:17-cv-01794   Document 13   Filed on 07/20/17 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
July 20, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-17-1794 |
| | § | |
| KENT L. HINEMAN, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Allstate Insurance Company sued a former employee, Kent Hineman, alleging that he took confidential Allstate information when he left Allstate's employment and is using that information to solicit Allstate customers on behalf of a competing insurance business. Allstate alleges that Hineman violated a confidentiality and noncompete agreement that he signed as a condition of his employment, and that he misappropriated trade secrets. Allstate moved for expedited limited discovery consisting of nine requests for production and seven interrogatories. (Docket Entry No. 3). Hineman did not respond to the motion. The motion could be granted as unopposed. *See* S. D. Tex. LR 7.2. The court also finds good cause to allow the limited expedited discovery.

Courts typically examine several nonexclusive factors in determining whether good cause exists. These factors include: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 240 n.4 (S.D. Tex. 2011) (citing *Sunflower Elec. Power Corp. v. Sebelius*, 2009 WL 774340, at *2 (D.Kan. Mar. 20, 2009)). Although there is no pending motion for preliminary injunction, Allstate states that

1

it intends to seek an injunction if the discovery it requests supports its information and belief that Hineman is violating his contract obligations and misappropriating trade secrets. The rest of the factors weigh in favor of granting the request for expedited discovery. Except for Request for Production No. 9, the requests are narrowly targeted to determine the existence and character of Allstate information in Hineman's possession and any use of the information to improperly solicit Allstate customers. The burden is not significant; Hineman did not respond to the motion. Moreover, Hineman has not moved to dismiss, and discovery will begin relatively soon.

Given the alleged ongoing harm to Allstate, the risk of spoliation or destruction of evidence, and the factors discussed above, the court finds and concludes that good cause exists to grant the motion for expedited discovery in significant part. Hineman must respond to the First Set of Requests for Production, No. 1 through 8, and the First Set of Interrogatories, Nos. 1 to 7, no later than August 14, 2017. The motion for expedited discovery is denied as to Request for Production No. 9.

SIGNED on July 20, 2017, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge