UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-17-1794 |
| | § | |
| KENT L. HINEMAN, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Allstate Insurance Company sued a former employee, Kent Hineman, alleging that he took confidential Allstate information when he left and is using that information to solicit Allstate customers on behalf of a competing insurance business. Allstate moved for expedited limited discovery. (Docket Entry No. 3). Hineman did not respond to that motion. The court granted Allstate's motion in part and denied it in part, ordering Hineman to respond to all of Allstate's interrogatories and requests for production, except for one that asked for all documents, exhibits, and evidence that Hineman intends to use at any deposition, hearing, or trial. (Docket Entry No. 13). Hineman then moved for expedited discovery, consisting of 8 requests for production and 6 interrogatories. (Docket Entry No. 14). Allstate did not respond. Although the motion could be granted as unopposed, *see* S. D. Tex. LR 7.2, the court finds good cause to allow the expedited discovery sought.

Courts typically examine several nonexclusive factors in determining whether there is good cause to order expedited discovery. These factors include: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance

1

of the typical discovery process the request was made." *St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 240 n.4 (S.D. Tex. 2011) (citing *Sunflower Elec. Power Corp. v. Sebelius*, 2009 WL 774340, at *2 (D. Kan. Mar. 20, 2009)).

Although there is no pending motion for a preliminary injunction, Allstate states that it intends to seek an injunction if discovery supports its information and belief that Hineman is violating his contract obligations and misappropriating trade secrets. (Docket Entry No. 3 at p. 4). Hineman's interrogatories and requests for production are narrowly tailored to seek information relevant to defending against those claims. The discovery requests seek information about Allstate's employment of Hineman, the execution of the confidentiality and noncompete agreements, the confidential information allegedly misappropriated, and the customers allegedly wrongly solicited. (Docket Entry No. 14, Ex. D). The burden on Allstate is not so significant as to lead Allstate to file a response to the motion. Finally, expediting discovery here allows both parties to proceed with discovery in a time frame consistent with the court's earlier order granting expedited discovery for Allstate.

Given the factors discussed above, the court finds and concludes that there is good cause to grant the motion for expedited discovery. Allstate must respond to Hineman's First Requests for Production, (Docket Entry No. 14, Ex. D), no later than **September 22, 2017.**

SIGNED on August 23, 2017, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge