UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY, | § § | |
| Plaintiff, | § | |
| VS. | § § | CIVIL ACTION NO. H-17-1794 |
| KENT L. HINEMAN, | § § | |
| Defendant. | § § | |

# ORDER

Allstate Insurance Company sued Kent Hineman, its former service provider, for misappropriating its trade secrets. Allstate alleges that Hineman signed confidentiality and noncompete agreements and is now using Allstate's confidential information to solicit its customers. (Docket Entry No. 1). Allstate asserts claims for breach of contract and for violations of the Texas Trade Secrets Act, TEX. CIV. PRAC. & REM. CODE § 134A.001, and the federal Defend Trade Secrets Act, 18 U.S.C. § 1836.

Hineman moved to dismiss for lack of subject-matter jurisdiction. (Docket Entry No. 22). He argues that the court lacks diversity jurisdiction based on the amount-in-controversy requirement because the commissions for the 25 customers Hineman allegedly solicited from Allstate amount to only $6,500. He also argues that the court lacks federal-question jurisdiction because customer lists are not trade secrets, and, because the insurance industry is regulated by state law, Allstate's customer lists and are not sufficiently connected to interstate commerce for federal jurisdiction.

The court held a hearing at which Allstate's counsel stated the intent to file a response to the motion to dismiss. The court directed Allstate to limit its response to federal-question jurisdiction.

1

Allstate's response argues that the claim under the Defend Trade Secrets Act, 18 U.S.C. § 1836, establishes federal-question jurisdiction under 28 U.S.C. § 1331. (Docket Entry No. 25).

United States district courts have original jurisdiction in civil actions between citizens of different states when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Dismissal based on an insufficient amount in controversy must "appear to a legal certainty that the claim is really for less than the jurisdictional amount." *Richey v. Wal-Mart Stores, Inc.*, 390 F. App'x 375, 377 (5th Cir. 2010) (quoting *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250 (5th Cir. 1998)).

District courts also have original jurisdiction for civil actions arising under the Constitution or laws of the United States. 28 U.S.C. § 1331. When a federal claim appears on the face of a complaint, dismissal for lack of subject-matter jurisdiction "is only proper in the case of a frivolous or insubstantial claim, i.e., a claim which has no plausible foundation or which is clearly foreclosed by a prior Supreme Court decision." *Young v. Hoseman*, 598 F.3d 184, 188 (5th Cir. 2010) (quoting *Bell v. Health–Mor*, 549 F.2d 342, 344 (5th Cir. 1977)). When a complaint asserts a cognizable federal claim, "dismissal for want of jurisdiction is disfavored as a matter of policy." *Id.*

The court has federal diversity jurisdiction. Hineman is a Texas citizen, and Allstate is an Illinois corporation with its principal place of business in Illinois. Allstate alleges that the lost revenues from customers it has already lost and will lose to Hineman, and the continued loss of goodwill and business reputation, exceed $75,000. Hineman has not shown "to a legal certainty" that the amount in controversy is jurisdictionally insufficient.

The court also has federal-question jurisdiction. Allstate's claim under the federal Defend Trade Secrets Act is neither "frivolous" nor "insubstantial." Hineman's argument that Allstate's

customer lists are not trade secrets goes to the merits of the case, not to whether Allstate has invoked federal-question jurisdiction.

Because the court has diversity and federal-question jurisdiction, the motion to dismiss, (Docket Entry No. 22), is denied.

SIGNED on October 11, 2017, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge